```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


AMBER LANE,                           :
                                      :
     Petitioner,                      :
                                      :       PRISONER
V.                                    :   CASE NO. 3:08-CV-567(RNC)
                                      :
DONNA ZICKEFOOSE,                     :
                                      :
     Respondent.                      :
```

RULING AND ORDER

Petitioner, a federal inmate proceeding pro se, brings this action under 28 U.S.C. § 2241 against the Warden of the Federal Correctional Institution in Danbury ("FCI Danbury") claiming that she is entitled to early release based on her successful completion of the Bureau of Prisons' residential drug abuse treatment program.  The Warden opposes the petition on various grounds, including petitioner's failure to exhaust administrative remedies.  I agree that the petition must be dismissed due to petitioner's failure to exhaust administrative remedies and therefore do not reach any other issue raised by the petition.

I.   Background

On July 6, 2007, petitioner was sentenced in the United States District Court for the Middle District of Pennsylvania to a term of imprisonment of thirty months after pleading guilty to conspiracy to distribute, and possession with intent to distribute, cocaine and cocaine base in violation of 21 U.S.C. §

846(b)(1)(B).[1]  The Court adopted the Presentence Investigation Report ("PSR") without modification.  The PSR states that petitioner assisted in the purchase of firearms for her co-conspirators and that the firearms were kept in several locations including petitioner's grandmother's house.  Because petitioner could reasonably foresee her co-conspirators' possession of firearms in connection with the conspiracy, the PSR recommended a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1), which provides for such an enhancement "[i]f a dangerous weapon (including a firearm) was possessed."  See Doc. #13, Ex. 1 at ¶¶ 5, 7.

The BOP provides residential substance abuse treatment to eligible inmates in accordance with 18 U.S.C. § 3621(b) and (e).  An inmate who successfully completes all phases of the treatment program and meets all other eligibility requirements may receive early release of up to 12 months pursuant to 18 U.S.C. § 3621(e)(2)(B).  Early release is not available to certain categories of inmates, including inmates whose current offense is a felony involving possession of a firearm.  See 28 C.F.R. § 550.58(a)(1)(vi)(B); BOP Program Statement 5330.10, Drug Abuse Program Manual, Inmate, § 6.1.  When petitioner was accepted into

---

[1] Petitioner's sentence has been reduced to twenty-four months based on retroactive application of the Crack Cocaine Sentencing Guideline Amendment.  Her expected release date is April 24, 2009.  See Doc. #9, Ex. 1 at ¶¶ 4-5.

the program, she was notified that she would not be eligible for early release.  See Doc. #13, Ex. 1 at ¶ 8 & Ex. 1-C.

On September 13, 2007, petitioner submitted an Administrative Remedy form to the Warden challenging the determination that she was not eligible for early release.  Her complaint was rejected as untimely because she did not submit it within twenty days of the denial of early release as required by 28 C.F.R. § 542.14(a).  Petitioner did not re-submit the Administrative Remedy Form with an explanation of the reason for the delay.  See Doc. #13, Ex. 1 at ¶¶ 13-15 & attached documents, Ex. 1-D & 1-E.  Instead, she filed this petition seeking early release.  The petition relies on a recent Ninth Circuit decision holding that the BOP regulation categorically excluding from early release prisoners convicted of offenses involving possession of firearms violates the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  See Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008) (invalidating 28 C.F.R. § 550.58(a)(1)(vi)(B)).

II.  Discussion

Federal inmates must exhaust administrative remedies before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).  The exhaustion requirement's purposes include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual

record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003).

The administrative process provided to federal inmates by the BOP consists of four steps: informal resolution with staff, 28 C.F.R. § 542.13(a); a written administrative remedy request to the Warden submitted within twenty calendar days of the event underlying the request, 28 C.F.R. § 542.14(a); an appeal to the Regional Director of the BOP within twenty calendar days of the denial of relief by the Warden, 28 C.F.R. § 542.15(a); and an appeal to the General Counsel's Office within thirty calendar days of the denial of relief by the Regional Director. Id. The time limits at any level of review may be extended for a valid reason. 28 C.F.R. §§ 542.14(b), 542.15(a).

Petitioner did not comply with this process. She submitted an administrative remedy request more than twenty days after she was denied early release, failed to seek an extension of time to file the request, and failed to appeal to the Regional Director within twenty days of the denial of relief by the Warden.

Failure to timely exhaust administrative remedies results in a procedural default, which precludes judicial review of the defaulted claim unless the inmate is able to justify the failure to exhaust. See Carmona, 243 F.3d at 634. Petitioner contends that her failure to exhaust should be excused because her

counselor incorrectly advised her that the matter would be resolved at the informal resolution phase and she was unaware that the time to file the administrative remedy request expired while she was waiting for an informal resolution to occur. Petitioner states that she abandoned the administrative process because she was advised that the Regional Director would agree with the Warden's determination that the administrative remedy request she filed was untimely.  See Doc. #10 at 8.

When legitimate circumstances beyond an inmate's control preclude her from fully pursuing administrative remedies, a court may be able to excuse the default.  See Carmona, 243 F.3d at 634. That is not the situation here.  Even assuming petitioner's initial failure to file a timely administrative review request could be excused if she reasonably relied on incorrect advice provided by her counselor, she points to no circumstance beyond her control that prevented her from appealing the Warden's denial of relief.  Petitioner's belief that the Regional Director would agree with the Warden does not justify her procedural default. See Murray v. Carrier, 477 U.S. 478, 488 (1986) ("[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded ... efforts to comply with the ... procedural rule.").

III. Conclusion

Accordingly, the petition is hereby denied.  Because reasonable jurists would not find it debatable that petitioner failed to exhaust her administrative remedies, a certificate of appealability will not issue.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

So ordered this 30th day of December 2008.

                                                /s/ RNC
                                            Robert N. Chatigny
                                    United States District Judge